```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

|  |  |  |
|---|---|---|
|  | * |  |
| CHRISTIAN CASTELLON-GUTIERREZ, | * |  |
| Petitioner, | * |  |
|  |  | CIVIL NO.: WDQ-10-1711 |
| v. | * | CRIMINAL NO.: WDQ-09-0282 |
| UNITED STATES OF AMERICA, | * |  |
| Respondent. | * |  |
|  | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Pending is Christian Castellon-Gutierrez's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Also pending is the Government's motion to dismiss. A hearing was held on October 7, 2010. For the following reasons, Castellon-Gutierrez's motion will be denied, and the Government's motion will be granted.

I. Background

In February 2008, Castellon-Gutierrez and two other men robbed Marvin Flores at knifepoint. Pl.'s Mot. to Vacate, Ex. C at 2. When police stopped Castellon-Gutierrez, Flores's jacket was found on the ground beside him, and the knife was found on him. *Id.* At a show-up, Flores identified Castellon-Gutierrez as the man who held the knife during the robbery.

On July 22, 2008, Castellon-Gutierrez pled guilty to robbery with a dangerous weapon in the Circuit Court for Montgomery County.  *Id.* at 1.  He was represented by Esteban Gergely, Esquire.  *Id.*  Judge Eric M. Johnson imposed a five-year, suspended sentence, and Castellon-Gutierrez was deported.  *Id.*

In April 2009, police found Castellon-Gutierrez in Baltimore, after he unlawfully reentered the country.  ECF No. 1.  On May 20, 2009, he was indicted for unlawful reentry in violation of 8 U.S.C. § 1326.  ECF No. 1.  On October 26, 2009 he pled guilty.  ECF No. 14.

On February 25, 2010, Castellon-Gutierrez was sentenced to 46 months imprisonment.  ECF No. 25.  Unlawfully reentering or remaining in the United States has a base offense level 8.  U.S.S.G. § 2L1.2.  Castellon-Gutierrez's offense level was adjusted 16-levels upward because he had unlawfully reentered after a robbery conviction, a "crime of violence" under U.S.S.G. § 2L1.2 (b)(1)(A);[1] after a three-level reduction for acceptance

---

[1] Under U.S.S.G. § 2L1.2 (b)(1)(A), the offense level is increased 16 levels:

> If the defendant was previously deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a

of responsibility, his total offense level was 21.[2]  During the sentencing hearing, Castellon-Gutierrez accepted responsibility for his role in the robbery.  Govt's Mot. Dismiss, Ex. A at 35:8-9.

Before sentencing for his unlawful reentry, Castellon-Gutierrez filed a Petition for Writ of Error Coram Nobis in the Circuit Court for Montgomery County, to vacate the robbery conviction.  Pl.'s Mot. to Vacate 2.[3]  On May 24, 2010, Judge Thomas L. Craven granted his petition, finding that the plea hearing "did not comport with due process and the requirements of Md. Rule 4-242(c)," and was invalid because he had not been advised of the elements of the charge.  *Id.*, Ex. C at 3-6. Judge Craven stated:

> On the day of the plea, [Castellon-Gutierrez] was not advised by the Court or Mr. Gergely about the nature or elements of the crime charged; Mr. Gergely did not represent on the record that he had discussed the elements or nature of the charge with his client on a previous occasion, and the defendant did not represent that he had discussed the elements of the crimes charged with his attorney.

---

    human trafficking offense; or (vii) an alien smuggling offense.

[2]  Because of his robbery conviction, Castellon-Gutierrez had a Category III criminal history.  ECF No. 19.  The applicable guidelines range was 46 to 57 months imprisonment.  *Id.*

[3]  Castellon-Gutierrez moved to continue his federal sentencing hearing until after the state court had ruled on his coram nobis petition.  ECF No. 16.  The motion was denied.  ECF No. 18.

*Id.* at 6.

He found that this violated *Miller v. State*, 185 Md. App. 293 (Md. Ct. Spec. App. 2009), and declined to infer from the totality of circumstances that Castellon-Gutierrez "showed he understood the nature or . . . elements of the crime charged, because [he] did not speak English, was a minor," and he had done nothing to indicate his understanding of the elements. *Id.* at 6.[4]

The State's Attorney for Montgomery County appealed the vacatur to the Maryland Court of Special Appeals. Govt's Opp'n. Def.'s Mot. to Vacate 4. The appeal is pending.[5]

Castellon-Gutierrez filed his motion to vacate, set aside, or correct his unlawful reentry sentence on June 16, 2010. ECF No. 36. On September 8, 2010, the Government filed its motion to dismiss. ECF No. 42. On October 7, 2010, this Court held a hearing.

---

[4] During the plea hearing Castellon-Gutierrez stated "the only thing I want to say is that I am accused of robbery but, I'm also accused of being a gang member, and I am not." Pl.'s Mot. to Vacate, Ex. C at 6. Judge Craven determined that this comment did not show Castellon-Gutierrez's understanding of the charges because he "merely said that he was 'accused' of the crime." Pl.'s Mot. to Vacate, Ex. C at 6.

[5] At the § 2255 hearing, Castellon-Gutierrez's counsel stated that oral argument on the appeal is scheduled for April 2011.

II. Analysis

   A. Ripeness

The Government argues that Castellon-Gutierrez's motion to correct his sentence is not ripe for adjudication because the vacatur of his robbery conviction has been appealed. Govt's Opp'n Def.'s Mot. Vacate 1. The ripeness requirement "prevents judicial consideration of issues until [the] controversy is presented in a clear-cut and concrete form." *Miller v. Brown,* 462 F.3d 312, 318-19 (4th Cir. 2006)(internal quotation marks omitted). In evaluating ripeness, courts balance (1) "the fitness of the issues for judicial decision,"[6] and (2) "the hardship to the parties of withholding consideration."[7] *Franks v. Ross,* 313 F.3d 184, 194 (4th Cir. 2002)(internal citations omitted).

Castellon-Gutierrez's petition is ripe for judicial review. His claim is not "abstract;" his state robbery conviction has been vacated. *See Nuvox Comm'cns, Inc. v. Sanford,* 241 Fed.

---

[6] A claim is fit for judicial decision when it does not "rest[] upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States,* 523 U.S. 296, 300 (1998).

[7] Hardship depends on "the immediacy of the threat and the burden imposed on the petitioner." *Charter Fed. Sav. Bank v. Office of Thrift Supervision,* 976 F.2d 203, 208-09 (4th Cir. 1992). The threatened harm must be "immediate, direct, and significant." *Pearson v. Leavitt,* 189 Fed. Appx. 161, 164 (4th Cir. 2006)(internal citations omitted).

Appx. 126, 129 (4th Cir. 2007)(ripeness prevents courts from "entangling themselves in abstract disagreements"). The Circuit Court's opinion and order vacating the robbery conviction provide this Court with a controversy in "clean-cut and concrete form." *Miller,* 462 F.3d at 319.

Although the pending appeal favors withholding this Court's review, that consideration is outweighed by the hardship that dismissing the claim may cause the petitioner, who withdrew his Fourth Circuit direct appeal so this Court could decide his §2255 motion.[8] *See Nuvox,* 241 Fed. Appx. at 129; *Cockerham v. Johns,* 2010 WL 3743545, at *2-3 (E.D.N.C. Sept. 15, 2010) (delayed determination of inmate's habeas corpus petition would cause hardship because, by waiting, inmate could serve time not required if petition was successful).

    B.    Effect of Vacatur on Castellon-Gutierrez's Unlawful Reentry Sentence

Castellon-Gutierrez argues that vacatur of his state robbery conviction requires reduction of his unlawful reentry sentence because he "is no longer subject to enhanced sentencing for having a prior conviction for a 'crime of violence'." Pl.'s

---

[8] Castellon-Gutierrez was sentenced to 46 months imprisonment on February 25, 2010. If correction of his sentence were required, the applicable guidelines range would be 0-6 months. U.S. Sentencing Guidelines Manual, ch. 5, pt. A (sentencing table). Deferring the decision on his motion until the conclusion of the Maryland appellate process could subject Castellon-Gutierrez to a longer term of confinement than is warranted.

6

Mot. to Vacate 2. The Government contends that the vacatur should not alter Castellon-Gutierrez's unlawful reentry sentence. Govt's Mot. to Dismiss 9-13.

An alien may not reenter the United States after deportation, and any alien who reenters after a deportation "subsequent to a conviction for commission of an aggravated felony," shall be "imprisoned not more than 20 years." 8 U.S.C. §§ 1326 (a) & (b). The sentencing guidelines provide a base offense level of 8 for unlawful reentry, and a 16 level enhancement "[i]f the defendant previously was deported . . . after a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2 (b)(1)(A).

The Fourth Circuit has not addressed whether a defendant, like Castellon-Gutierrez—who is convicted of a violent felony, deported, and then unlawfully reenters the country—may have his sentence reduced if the violent felony conviction is vacated.[9] Other circuits have addressed this question and held that the

---

[9] The Fourth Circuit has addressed whether § 2255 relief is available for a felon in possession of a firearm conviction, after the underlying felony conviction has been vacated. *United States v. Kahoe,* 134 F.3d 1230, 1231 (4th Cir. 1998). The court has held that "the fact that [the defendant's] conviction was vacated after he possessed the firearm and ammunition is irrelevant . . . because [the felony conviction] was a disabling predicate offense when he possessed the firearm." *Id.* at 1235.

7

plain language of the statute and sentencing guidelines generally preclude a reduced sentence.[10]

"[P]resent status of the . . . felony conviction is irrelevant" because "[i]t is impossible to alter the historical fact that the defendant was convicted, and then deported." *United States v. Luna-Diaz,* 222 F.3d 1, 4 (1st Cir. 2000). Thus, vacatur of the felony conviction, after the defendant's unlawful reentry, usually is not a basis for reducing the reentry sentence. *Id.*[11]

---

[10] *United States v. Orduno-Mireles,* 405 F.3d 960, 961 n. 1 (11th Cir. 2005)(court correctly applied 16-level enhancement even though defendant's felony conviction had been vacated after his reentry because "[b]y its plain language, the Guideline's relevant time period is the time of deportation, not the time of sentencing for an illegal reentry conviction"); *United States v. Garcia-Lopez,* 375 F.3d 586, 588 (7th Cir. 2004)("The plain language . . . indicates that the appropriate inquiry is whether the defendant had been convicted of a crime of violence *at the time of deportation*. Nothing in the guideline suggests that the analysis should consider whether the conviction has been vacated subsequent to deportation but prior to the sentencing for the reentry offense."); *United States v. Cisneros-Cabrera*, 110 F.3d 746, 747 (10th Cir. 1997)(defendant subject to 16-level enhancement even though, prior to unlawful reentry sentencing, state court invalidated conviction upon which enhancement was based for ineffective assistance of counsel).

[11] *See United States v. Luna Diaz,* 222 F.3d 1,5 (1st Cir. 2000)("The absence of an explicit exception for vacated convictions in § 2L1.2 (b) and the statute compels a result here that is different from the result that would [be] obtain[ed] under the [Armed Career Criminal Act] or § 4A1.2.").

C.  Due Process Concerns

Castellon-Gutierrez argues that vacatur of his robbery conviction is a basis for reducing his reentry sentence because his conviction was vacated for constitutional error.  Pl.'s Opp'n Govt's Mot. to Dismiss 9-11.  The Government argues that coram nobis relief was not granted on federal constitutional grounds.  Govt's Mot. to Dismiss 5.

Because entry of a guilty plea "involves a waiver of many substantial constitutional rights," *Boykin v. Alabama,* 395 U.S. 238, 243 (1969), federal due process requires that the plea be given voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States,* 397 U.S. 742, 748 (1970).  When a defendant pleads guilty without sufficient awareness of the charges, the plea is invalid. *See Henderson v. Morgan,* 426 U.S. 637, 645 (1976).

The validity of a plea is determined by the totality of the circumstances surrounding it.  *United States v. Moussaoui,* 591 F.3d 263, 278(4th Cir. 2010). "Normally the record contains either an explanation of the charge by the trial judge" or "a representation by defense counsel that the nature of the offense has been explained to the accused." *Henderson,* 426 U.S. at 647. Absent that indication in the record, "it may be appropriate to presume that in most cases defense counsel routinely explain the

nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Id.* (presumption inappropriate when defendant has low mental capacity). As the Maryland Court of Special Appeals has recognized:

> [A] reviewing court may be able to determine that a defendant gained . . . an adequate understanding of the offense and notice of the nature of the charge [from] . . . allegations in the indictment, . . . the prosecution's summation at the plea submission hearing . . . or [if] the relevant element of the offense is a self-explanatory legal term, so simple in meaning that a layperson can be expected to understand it.

*Miller v. State,* 185 Md. App. 293, 311-312 (Md. Ct. Spec. App. 2009)(*quoting State v. Crowe,* 168 S.W.3d 731, 750-51 (Tenn. 2005)).

*Miller* did not apply the *Henderson* presumption, and read *Bradshaw v. Stumpf,* 545 U.S. 175 (2005),[12] as precluding the inference of "knowledge of the nature and elements of the crime" from "legal representation alone." 185 Md. App. at 316 (Md. Ct. Spec. App. 2009)(internal quotation marks omitted). *Miller* read Md. Rule 4-242(c), which requires a plea be given "voluntarily,

---

[12] In *Bradshaw*, the Supreme Court explained that although a defendant's guilty plea "would indeed be invalid if he had not been aware of the nature of the charges against him, including the elements of [the offense]," due process is satisfied when his attorney represents at the plea hearing that he has explained the charges to the defendant. 545 U.S. at 182-83 ("[T]he judge [need not] himself explain the elements of each charge to the defendant on the record" and "usually may rely on [competent] counsel's assurance that the defendant has been properly informed of the nature and elements of the charge.").

with understanding of the nature of the charge," as obligating the trial judge to: "(1) explain to the defendant on the record the nature of the charge and the elements of the crime, or (2) obtain on the record a representation by defense counsel that the defendant has been properly informed of the nature of and elements of the charge to which he is . . . pleading guilty." *Miller,* 185 Md. App. at 300, 305 (considering Md. Rule 4-242); *see also Gross v. State,* 186 Md. App. 320, 350-51 (2009)(Rule 4-242 also satisfied when defendant represents to court that attorney advised him of crime's elements).

The Fourth Circuit has not addressed *Bradshaw's* effect on the *Henderson* presumption. *Bradshaw* does not address *Henderson's* holding, and other federal courts have applied the presumption without questioning its post-*Bradshaw* validity.[13] *Miller's* holding that *Bradshaw* precludes application of the *Henderson* presumption is inconsistent with federal law. *Miller,* 185 Md. App. at 316; *Desrosier v. Bissonnette,* 502 F.3d at 41.

In granting Castellon-Gutierrez's coram nobis petition, Judge Craven held that Md. Rule 4-242(c) had not been satisfied because Castellon-Gutierrez was not advised by the court of the

---

[13] *See Desrosier v. Bissonnette,* 502 F.3d 38, 41 (1st Cir. 2007)(defense counsel need not expressly state he explained elements to defendant, rather "it may be appropriate to presume that . . . defense counsel . . . explain[ed] the nature of the offense")(*quoting Henderson,* 426 U.S. at 647); *Nicholas v. Smith,* 2007 WL 1213417, at *4 (E.D.N.Y. Apr. 24, 2007)(applying *Henderson*).

charge's elements, and his attorney had not represented that he had discussed the elements with him. Pl.'s Mot. to Vacate, Ex. C at 6.

The failure to strictly comply with Maryland Rule 4-242 does not establish a federal due process violation.[14] Castellon-Gutierrez unlawfully reentered the United States after a conviction for armed robbery. He does not assert his innocence. Rather, he has admitted the crime.[15] Castellon-Gutierrez pled guilty with the assistance of counsel. There is no fundamental

---

[14] Judge Craven also held that assuming Castellon-Gutierrez understood the nature of the robbery charge was inappropriate under the totality of the circumstances, because there was no "evidence that [he] was told the nature of the charge," he "did not speak English, [and] was a minor." *Id.* These circumstances *may* be sufficient to show that Castellon-Gutierrez's plea was not voluntary, knowing, and intelligent. *Compare Henderson,* 426 U.S. at 647(defendant's second degree murder plea invalid when element of intent was not explained to defendant who had an "unusually low mental capacity") *with Roberson v. United States,* 901 F.2d 1475, 1477 (8th Cir. 1990)(plea valid when defendant, "who [was] thirty-three years old and a college graduate," received notice of elements in the indictment).

[15] The elements of robbery with a dangerous weapon are: (1) a taking and carrying away, (2) of another's personal property, (3) from his presence, (4) by violence or threat of violence, (5) with a dangerous weapon. *Morris v. State,* 192 Md. App. 1, 40 (Md. Ct. Spec. App 2010); *Darby v. State,* 3 Md. App. 407, 413 (Md. Ct. Spec. App. 1968). Castellon-Gutierrez has admitted that he held the knife during the robbery. The knife used to rob Marvin Flores was found on him, and Flores's jacket was found by his side. Flores identified Castellon-Gutierrez as one of the men who had robbed him of his jacket. Pl.'s Mot. to Vacate, Ex. C at 2.

unfairness in allowing his enhanced sentence to stand.[16] The sentence "reflect[s] the greater culpability of an alien who illegally reenters after committing previous crimes in this country." *United States v. Cruz-Gramajo,* 570 F.3d 1162, 1172 (9th Cir. 2009)(internal citations omitted).[17] Castellon-Gutierrez's motion to vacate will be denied.

D. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. §2253 (c)(1). The COA "serves as a threshold requirement . . . to screen out prisoner petitions that ought to not take up additional judicial resources beyond those already consumed." *Hayward v. Marshall,* 603 F.3d 546, 553 (9th Cir. 2010)(*citing Barefoot v. Estelle,* 463 U.S. 880, 892-93 (1983)).

---

[16] *Compare Earle v. United States,* 2009 WL 2634569, at *7 (D. Mass. Aug. 24, 2009)(denying motion to correct sentence when conviction was vacated because of "a constitutionally deficient charging document" but there was "no indication that [the defendant] was actually innocent of that crime") *with United States v. Mejia,* 278 F. Supp. 2d 55, 60-63 (D. Mass. 2003) (refusing to enhance unlawful reentry sentence based on vacated conviction because of defendant's innocence).

[17] *See also Lewis v. United States,* 445 U.S. 55, 67 (1980)("Use of an uncounseled felony conviction as the basis for imposing a civil firearms disability, enforceable by a criminal sanction" did not violate due process because Congress made a rational "judgment that a convicted felon, even one whose conviction was allegedly uncounseled, is among the class of persons who should be disabled from dealing in or possessing firearms because of potential dangerousness[.]").

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253 (c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004)(*quoting Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003)(internal quotations omitted).

Castellon-Gutierrez withdrew his Fourth Circuit direct appeal so this Court could hear his § 2255 petition. His petition presents a question of law that the Fourth Circuit has not decided. Reasonable jurists could disagree about whether his sentence should be corrected, and the issue is worthy of further examination. A certificate of appealability will issue.

III. Conclusion

For the reasons stated above, Castellon-Gutierrez's motion to vacate, set aside, or correct his sentence will be denied. The Government's motion to dismiss will be granted.


December 6, 2010                    _____/s/_____
Date                                William D. Quarles, Jr.
                                    United States District Judge